CAVANAGH, J.
(dissenting). I believe that this case represents a textbook example of when separate trials or separate juries should be used. I agree with the majority that Bruton v United States, 391 US 123; 88 S Ct 1620; 20 L Ed 2d 476 (1968), was violated in this case. Defendants’ Sixth Amendment Confrontation Clause rights were violated when the statements of each defendant’s nontestifying codefendant were heard by the single jury at defendants’ joint trial.
However, I disagree with the majority’s conclusion that this violation was not plain error that affected *285 defendants’ substantial rights. If the statements by each codefendant are not considered, the evidence is not overwhelming. No witness was able to identify who was actually responsible for the shooting. There were varying accounts of the vehicles involved in the shooting. And the jury’s uncertainty about who was the shooter is evident in the jury’s failure to convict either defendant of possession of a firearm during the commission of a felony.
Further, the effect on the jury of hearing each codefendant’s unchallenged statements was great. See, e.g., Bruton, supra at 135-136. Each defendant’s statements minimized any role he may have played and maximized the other defendant’s role in the shooting. Moreover, hearing these unchallenged and inculpatory statements essentially rendered futile defendants’ questioning of police officers, as well as contentions made during closing argument, that called into question the validity of the alleged statements made. The jury was unlikely to question the validity of the statements allegedly made when it heard that they were supported to some degree by statements made by each defendant’s codefendant. Accordingly, I believe the Bruton violation was plain error that affected each defendant’s substantial rights, and I would affirm the decision of the Court of Appeals and remand each case for its own new trial.
Kelly, J., concurred with Cavanagh, J.